UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FULLETT, JOSEPH C | § | Case No. 17-22009 |
| FULLETT, ANNE N | § | |
| | § | |
| Debtor(s) | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Phillip D. Levey, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

        Jeffrey P. Allsteadt
        U.S. Bankruptcy Court Clerk
        219 South Dearborn Street- 7th Floor
        Chicago, IL  60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 AM on 03/26/2019 in Courtroom 682,
        United States Courthouse
        219 South Dearborn Street
        Chicago, IL  60604
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 02/22/2019                By: Phillip D. Levey
                                                                 Chapter 7 Trustee

*Phillip D. Levey*
*2722 North Racine Avenue*
*Chicago, IL 60614*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:  §
  §
  §
FULLETT, JOSEPH C  §  Case No. 17-22009
FULLETT, ANNE N  §
  §
  §
  Debtor(s)  §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of   $

and approved disbursements of   $

leaving a balance on hand of[1]   $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Trustee Expenses: Phillip D. Levey | $ | $ | $ |
| Attorney for Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Accountant for Trustee Fees: Kutchins, Robbins & Diamond, Ltd. | $ | $ | $ |
| Charges: U.S. Bankruptcy Court Clerk | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance   $_____

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000002A | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | $ | $ | $ |

Total to be paid to priority creditors                                            $_____

Remaining Balance                                                                       $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | $ | $ | $ |
| 000003 | Jeanne Kostlevy<br>31 Alpen Rose Way<br>Mills River, NC 28759 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000005 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595 | $ | $ | $ |
| 000007 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595 | $ | $ | $ |
| 000008 | Midland Funding, LLC<br>Midland Credit Management, Inc.<br>as agent for Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090 | $ | $ | $ |
| 000009 | Portfolio Recovery Associates, LLC<br>Successor to SYNCHRONY BANK (GAP)<br>POB 41067<br>Norfolk, VA 23541 | $ | $ | $ |
| 000010 | Department Stores National Bank<br>c/o Quantum3 Group LLC<br>PO Box 657<br>Kirkland, WA 98083-0657 | $ | $ | $ |
| 000011 | Portfolio Recovery Associates, LLC<br>SUCCESSOR TO COMENITY BANK<br>POB 41067<br>Norfolk, VA 23541 | $ | $ | $ |
| 000013 | Sam Sample<br>4321 Cobblestone Pl NE<br>Albuquerque, NM 87109 | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000002B | Internal Revenue Service PO Box 7346 Philadelphia, PA 19101-7346 | $ | $ | $ |

Total to be paid to subordinated unsecured creditors      $_____

Remaining Balance      $_____


Prepared By: /s/Phillip D. Levey_____
Chapter 7 Trustee

*Phillip D. Levey*
*2722 North Racine Avenue*
*Chicago, IL 60614*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.